UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEISHA BONNER WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 1:20-cv-1194 |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party WAL-MART STORES EAST, LP (improperly named WAL-MART STORES EAST, INC.), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Removing party WAL-MART STORES EAST, LP appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces the County of Marion, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On March 18, 2020, removing party was served by certified mail with a Summons and Complaint in the above-entitled action at the offices of its registered agent for service of

process in Indiana, CT Corporation System. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3.  On March 17, 2020, Plaintiff Keisha Bonner White (hereinafter "Plaintiff") filed her Complaint in the above-entitled action against Defendant in the Marion County Superior Court 14 in the State of Indiana, Cause No. 49D14-2003-CT-011646, and is now pending therein.

4.  On or about April 2, 2020, Defendant filed an Attorney Appearance, Motion for Enlargement of Time, and Jury Demand in the Marion County Superior Court 14 in the above-entitled action.

5.  On or about April 2, 2020, this Court granted Defendant's Motion for Enlargement of Time, giving Defendant up to and including May 10, 2020, to answer Plaintiff's Complaint.

6.  On or about April 3, 2020, Defendant filed an Attorney Appearance.

7.  No further proceedings have been had in the Marion County Superior Court 14.

8.  Pursuant to S.D. Ind. L.R. 81-2(d), Defendant asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

9.  This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

10. Plaintiff is a citizen of the State of Indiana.

11. The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th

Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The " layers" of Defendant's partners and members in this matter can be traced as follows:

    a. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership.

    b. The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware Limited Liability Company.

    c. The sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware Limited Liability Company.

    d. Wal-Mart Stores East, LP has no partners other than WSE Management, LLC and WSE Investment, LLC.

    e. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

    f. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is an Arkansas Limited Liability Company.

    g. Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) has a single member: Wal-Mart Stores, Inc.

    h. Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware.

    i. The principal place of business of all entities referenced above is the State of Arkansas.

12. Because Wal-Mart is neither incorporated in Indiana nor has its principal place of business in Indiana, it is not a citizen of the State of Indiana for purposes of diversity jurisdiction.

13. There is complete diversity of citizenship between the parties named in this case.

14. Plaintiff's Complaint does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum. When the complaint does not establish the amount in controversy, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca–Cola, Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Among other things, one factor a removing party may consider when making the good-faith estimate of the amount of controversy is a plaintiff's failure to stipulate that her claim is worth less than $75,000, exclusive of interest and costs. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). The Seventh Circuit has held that when a plaintiff facing removal chooses not to stipulate that her claim is worth less than $75,000, "the inference arises that [she] thinks [her] claim may be worth more." *Workman*, 234 F.3d at 1000; see also *McGowan v. Care Ambulance Serv.*, 2016 WL 1626273 at *2 (S.D. Ind. 2016) (reinforcing the Seventh Circuit's consistent position that a Plaintiff can prevent removal by stipulating to the jurisdictional limit and denying Plaintiff's motion to remand).

15. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

    a. Plaintiff contends she sustained injuries and damages as an alleged result of the incident forming the basis of her Complaint.

    b. On April 6, 2020, Plaintiff's counsel conveyed that Plaintiff would not agree to a Stipulation that her claim is worth less than $75,000.

16. Based upon the injuries and damages alleged and Plaintiff's refusal to stipulate that her claim is worth less than $75,000, Defendant's good-faith estimate is that Plaintiff seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief

sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

17. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATUTORY REQUIREMENTS

18. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2, a copy of the entire state court file is attached as an Exhibit and includes the State Court Record as of the date of this Notice of Removal, including the following: Summons to Wal-Mart Stores East, Inc.; Appearance of Stacy L. Kelley for Plaintiff; Complaint for Damages; Appearance of Lesley A. Pfleging on behalf of Defendant; Motion for Enlargement of Time; Jury Demand; Order Granting Defendant's Motion for Enlargement of Time; Appearance of Lynsey F. David on behalf of Defendant.

19. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

20. A copy of this Notice of Removal has been filed in the Marion County Superior Court 14 and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party WAL-MART STORES EAST, LP (improperly named WAL-MART STORES EAST, INC.), by counsel, respectfully requests that the above-entitled action be removed from the Marion County Superior Court 14 to the United States District Court for the Southern District of Indiana, Indianapolis Division.

                    LEWIS WAGNER, LLP

By:   */s/ Lynsey F. David*
       LESLEY A. PFLEGING, #26857-49A
       LYNSEY F. DAVID, #32594-49
       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 17, 2020, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Stay L. Kelley
GLASER & EBBS
845 South Meridian Street
Indianapolis, IN 46225
skelley@glaserebbs.com
*Counsel for Plaintiff*

                    By: */s/ Lynsey F. David*
                         LYNSEY F. DAVID

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:   317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com
ldavid@lewiswagner.com